**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **WILLIAM McKNIGHT,** | § | |
| **TDCJ No. 025232021,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-00131-M-BP** |
| | § | |
| **DAVID DUKE, Sheriff,** | § | |
| **Wichita County, Texas,** | § | |
| | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Petitioner William McKnight's Amended Petition for Writ of Habeas Corpus and Respondent David Duke's Response. ECF Nos. 16, 17. This action was automatically referred to the undersigned pursuant to Special Order 3 on December 22, 2021. ECF No. 2. After considering the pleadings and applicable legal authorities, the undersigned **SEVERS** Petitioner's civil rights claims into a separate civil action and **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS WITHOUT PREJUDICE** the Amended Petition for Writ of Habeas Corpus. ECF No. 16.

**I.    BACKGROUND**

McKnight is incarcerated in the Wichita County Jail in Wichita Falls, Texas pursuant to an October 2021 indictment for unlawful possession of a firearm under Tex. Penal Code § 46.04(a), (e). *See* ECF No. 17 at 1. He awaits trial in an ongoing state criminal proceeding where he argues, among other things, that his severe mental health conditions render him incompetent to stand trial. *Id.* Relevant to this habeas action is a March 7, 2022 Order by the Honorable Jeff McKnight, presiding judge of the 30th Judicial District Court of Wichita County, directing "that Defendant

should be examined as provided by 46B.021 of the Texas Code of Criminal Procedure" and ordering "that a written report of the examination . . . be submitted to the Court not later than thirty (30) days of the date of this Order." *See State of Tex. v. William McArthur McKnight*, Wichita County District Court Case No. DC30-CR2021-1192, ORDER FOR EXAMINATION REGARDING COMPETENCY; *see also* ECF No. 17-1 (providing a copy of the order).

McKnight first sought federal habeas relief on December 22, 2021. ECF No. 1. But his Original Petition stated only that he "ha[s] no assistance fighting for [his] civil right[s]" because he has "been locked up since August." *Id.* at 1. His Amended Petition articulated defenses to his ongoing criminal trial and asked the Court to "lift [his] parole warrant [and] reinstate [his] mandatory supervision and help [him] with [his] mental health." ECF No. 16 at 4. McKnight's Amended Petition accuses his arresting officers of threatening him and lying on his arrest affidavit. *Id.* at 6. The Amended Petition also adds money damages to the relief McKnight seeks, requesting $25,000.00 for his "pain and suffering." *Id.* at 7.

## II.    ANALYSIS

### 1.    McKnight's civil rights claims must be severed from his claims for habeas relief.

At the outset, the undersigned notes that money damages are unavailable in § 2241 actions. *See* 28 U.S.C. § 2241; *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). To the extent McKnight seeks to recover money damages allegedly arising from violation of his civil rights in connection with his arrest in 2021, he should be afforded an opportunity to further develop that claim in the context of a civil rights action. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so,

entertaining the § 1983 claims."); *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (recognizing that review of the merits of *pro se* prisoners' claims are controlled by the essence of pleading rather than the label attached). If a prisoner brings "both habeas and § 1983 claims," the court must " 'separate the claims and decide the § 1983 claims.' " *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

Accordingly, McKnight's claims for monetary damages arising from alleged violations of his civil rights shall be severed from the instant habeas action. The Clerk of Court is directed to open a new civil rights action with **William McKnight** as the Plaintiff and **David Duke**, **Sheriff of Wichita County, Texas**, as the Defendant. A copy of the Amended Petition (ECF No. 16), a copy of Petitioner's trust account statement (ECF No. 10), and a copy of this Order shall be docketed in the new case.

### 2.    The Court should dismiss McKnight's claims for habeas relief for failure to exhaust his state remedies.

Pursuant to 28 U.S.C. § 2241, a pretrial detainee may file a writ of habeas corpus only if he is in custody and has fully exhausted his state remedies. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). McKnight is in custody for purposes of § 2241 as he remains incarcerated in the Wichita County Jail awaiting trial.

However, McKnight must fully exhaust state remedies before seeking federal habeas relief. *Id.* Federal courts should not exercise jurisdiction over a claim if the issues presented may be decided by a trial on the merits or by other state procedures currently available to the petitioner. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). To exhaust state remedies, a petitioner such as McKnight normally must appeal to the highest court of the state where he is detained and present his claims of deprivation of federal constitutional

rights to that court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, a petitioner for federal habeas relief must first present his claims to the Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A petitioner may be excused from the exhaustion requirement only under extraordinary circumstances, and these exceptions are narrowly applied. *Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (per curiam).

McKnight has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. Nor has he shown the "special circumstances" that would warrant the Court's intrusion in the state court criminal proceedings at this time. McKnight was required to fully exhaust his available state remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2241(c). He did not do so. Accordingly, because McKnight has failed to exhaust his state remedies, his § 2241 petition should be dismissed. *See Anderson v. Anderson*, No. 4:14-CV-336-O, 2014 WL 3500151 (N. D. Tex. Jul. 15, 2014). Dismissal should be without prejudice so that McKnight may pursue federal habeas relief after the conclusion of his state court prosecution. *Id.* at *2.

## III.   CONCLUSION

McKnight's claims for damages arising from alleged violations of his civil rights must be severed into a separate case, and by this order the Court does so. Because McKnight has not exhausted his state court remedies, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS WITHOUT PREJUDICE** the Amended Petition for Writ of Habeas Corpus. ECF No. 16.

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 13, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

5